DIEGO PAGÁN RIVERA, peticionario, *v.* JAMES M. JONES, demandado.

Núm. 543.—*Sometido:* Octubre 10, 1952. *Resuelto:* Octubre 17, 1952.

*Diego Pagán Rivera, pro se; Juan B. Fernández Badillo, Secretario de Justicia Interino* y *J. Rivera Barreras, Fiscal del Tribunal Supremo,* abogados del demandado.

EL JUEZ ASOCIADO SEÑOR SNYDER emitió la opinión del tribunal.

El 24 de septiembre de 1951 Diego Pagán Rivera fué sentenciado por el antiguo tribunal municipal a sufrir la pena de seis meses de cárcel por el delito de portación de armas prohibidas. El mismo día, poco después de ser sentenciado, Pagán Rivera se fugó de la custodia del alguacil de dicho tribunal. Más tarde se le arrestó y el 18 de diciem-

bre de 1951 fué sentenciado por el antiguo tribunal de distrito a sufrir la pena de uno a tres años de presidio por el delito de fuga.

Pagán Rivera ha radicado una petición de hábeas corpus ante este Tribunal alegando que bajo las anteriores circunstancias no se le podía válidamente sentenciar a sufrir una pena de presidio. El Fiscal de este Tribunal en su contestación a la solicitud admite los hechos alegados por Pagán Rivera. También admite que la sentencia imponiéndole al acusado una pena de presidio es ilegal y debe dejarse sin efecto. Solicita que devolvamos el caso al tribunal superior para que éste imponga al peticionario una sentencia de cárcel.

El artículo 152 del Código Penal, ed. de 1937, provee como sigue:

*"Fuga de Presos.* Toda persona que se fugase de una prisión mientras estuviere cumpliendo condena será castigada por orden sumaria del tribunal competente, con prisión por un término adicional mínimo de una vigésima parte o máximo de una quinta parte de la primitiva sentencia."

Dicho artículo 152 fué enmendado por la Ley núm. 9 del 29 de diciembre de 1950, Leyes de Puerto Rico, Quinta a Décimosegunda Sesiones Extraordinarias, 1950–51 (pág. 389) para que rezara así:

*"Fuga de Presos.*—Toda persona bajo custodia legal que se fugare mientras estuviere en sumaria, o en trámite de apelación, o cumpliendo sentencia será castigada por orden sumaria del Tribunal de Distrito de Puerto Rico con prisión por un término no menor de un año ni mayor de 10 años en adición a la sentencia que se le impusiere por el otro delito o a la que estuviere cumpliendo, según fuere el caso; *Disponiéndose,* que esa pena no será concurrente con ninguna otra."

De ordinario, tanto en el idioma español como en el inglés, las palabras "prisión" e "imprisonment" son términos genéricos que se pueden usar para significar ya sea una sentencia de cárcel o una de presidio, dependiendo de las circunstancias de cada caso. Véanse artículos 10, 14, 15, 16, 19, 138, 204,

213, 240, 244, 276 y 368 del Código Penal, ed. de 1937; Anotaciones, 34 L.R.A. 404; 27 L.R.A. 597; 7 Calif. Jur. 870–72; 21, íd., pág. 441; *United States* v. *Curran*, 297 Fed. 946, 950 (C.A. 2, 1924); 4 Escriche, Diccionario de Legislación y Jurisprudencia, pág. 667.

Convenimos con el Fiscal de este Tribunal en que la Legislatura usó la palabra "prisión" en este significado genérico, tanto en la versión original del artículo 152 como en la enmienda de 1950. Esto es evidente no sólo del significado corriente de dicha palabra, si que también del texto del estatuto y de su propósito. Ambas versiones del artículo 152, la original y la de 1950, disponen que la prisión por fuga será en adición a la sentencia original. Interpretamos esto como que quiere decir que la nueva sentencia será sumada a la sentencia anterior. Esto a su vez exige que la sentencia por fuga sea de la misma naturaleza y se cumpla en la misma institución penal que la sentencia original.

■■ La Legislatura en la Ley núm. 9 no caracterizó la fuga como delito *felony*. Simplemente dispuso que la pena para ello sería un término no menor de un año ni mayor de diez. Esto era consistente con el uso de la palabra "prisión" en su sentido genérico.

En vista de lo anterior, resolvemos que al imponer sentencias bajo la Ley núm. 9 de 1950, el antiguo tribunal de distrito venía obligado a imponer ya fuere una sentencia de cárcel o de presidio, dependiendo de las circunstancias del caso. Si la sentencia original fuese por término de cárcel, la sentencia por fuga tendría que ser de cárcel. Por otro lado, si la sentencia original fuese de presidio, el tribunal sentenciador vendría obligado a imponer una sentencia de presidio por el delito de fuga.

En el presente caso Pagán Rivera había sido sentenciado a seis meses de cárcel cuando se fugó. La sentencia del antiguo tribunal de distrito de uno a tres años de presidio por el delito de fuga es por consiguiente ilegal y debe dejarse sin efecto.

*Por los motivos expuestos, la sentencia del antiguo tribunal de distrito se dejará sin efecto y se devolverá el caso al tribunal superior para que éste imponga al acusado una sentencia de cárcel.*[1]

El Juez Presidente Señor Todd, Jr., no intervino.

[1] El tribunal superior deberá sentenciar de nuevo a Pagán Rivera a la luz de la enmienda más reciente hecha al artículo 152, contenida en la Ley núm. 447, Leyes de Puerto Rico, 1952, ((1) pág. 911), que prescribe así:

"*Fuga de Presos.*—Toda persona bajo custodia legal que se fugare mientras estuviere en prisión preventiva, o en trámite de apelación, o cumpliendo sentencia será castigada por orden sumaria del Tribunal de Distrito de Puerto Rico conforme a las siguientes penas: (*a*) si estuviere en prisión preventiva incurrirá en delito menos grave (*misdemeanor*) sujeto a un término de cárcel no menor de un mes ni mayor de dos años; (*b*) si estuviere cumpliendo sentencia o en trámite de apelación por un delito grave (*felony*) incurrirá en un delito grave (*felony*) sujeto a un término de prisión no menor de un año ni mayor de diez años; (*c*) si estuviere cumpliendo sentencia o en trámite de apelación por un delito menos grave (*misdemeanor*) incurrirá en un delito menos grave (*misdemeanor*) sujeto a un término de cárcel no menor de un mes ni mayor de cinco años.

"Esta pena será en adición a la sentencia que se le impusiere por el otro delito o a la que estuviere cumpliendo, según fuere el caso; *Disponiéndose,* que no será concurrente con ninguna otra."